IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

BRISEIDA ENRIQUEZ,

    Plaintiff,

v.                                                 Civil Action No. 1:24-cv-01090

BLUEFIN AUSTIN, LLC,
BLUEFIN KYLE LLC,
BLUEFIN ROUND ROCK LLC,
and ANDRE DINATA,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, BRISEIDA ENRIQUEZ (hereinafter sometimes referred to as "Plaintiff"), by and through her undersigned counsel, sues Defendants, BLUEFIN AUSTIN, LLC, BLUEFIN KYLE LLC, BLUEFIN ROUND ROCK LLC, and ANDRE DINATA (hereinafter sometimes referred to collectively as "Defendants"), and in support thereof states as follows:

## SUMMARY

1. Defendants operate five restaurants as an enterprise in the Austin, Texas metro area operating under the name Bluefin Sushi Bar & Ramen. Plaintiff worked at three of the locations for Defendants and Defendants failed to pay Plaintiff the appropriate overtime wages in violation of the Fair Labor Standards Act (FLSA) 29

U.S.C. §201 *et seq.*

## INTRODUCTION

2. This is an action by Plaintiff against her employers for unpaid wages and liquidated damages pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*.

## JURISDICTION

3. This claim is properly before this Court pursuant to 28 U.S.C. § 1331, as this claim arises under federal law, and by the private right of action conferred in 29 U.S.C. § 216(b).

## VENUE

4. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Defendant ANDRE DINATA resides in Travis County, Texas.

## THE PARTIES

5. Plaintiff BRISEIDA ENRIQUEZ is an individual residing in Hays County, Texas.

6. Plaintiff BRISEIDA ENRIQUEZ was employed by Defendants from approximately March 20, 2024 to July 5, 2024 doing various restaurant jobs at the flat rate of $1,600.28 twice per month.

7. Between March 20, 2024 and July 5, 2024, Plaintiff worked at

Defendants' locations in Austin, Kyle and Round Rock for a period of approximately one month at each location.

8. Defendant BLUEFIN AUSTIN, LLC is a limited liability company formed and existing under the laws of the state of Texas and operates a restaurant under the business name Bluefin Sushi Bar & Ramen.

9. Defendant BLUEFIN KYLE LLC is a limited liability company formed and existing under the laws of the state of Texas and operates a restaurant under the business name Bluefin Sushi Bar & Ramen.

10. Defendant BLUEFIN ROUND ROCK LLC is a limited liability company formed and existing under the laws of the state of Texas and operates a restaurant under the business name Bluefin Sushi Bar & Ramen.

11. Defendant ANDRE DINATA is an individual residing in Travis County, Texas, and at all times material to this matter was a managing member of the defendant limited liability companies (hereinafter collectively referred to as "Restaurants").

12. Defendant ANDRE DINATA is an individual who at all times relevant to this matter acted directly or indirectly in the interest of the Restaurants in relationship to Plaintiff. By virtue of these activities, Defendant ANDRE DINATA is a joint employer as defined by 29 U.S.C. § 203(d).

13. Defendant ANDRE DINATA, (1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records. Therefore, Defendant ANDRE DINATA is a statutory employer under the FLSA.

14. Defendants BLUEFIN AUSTIN LLC, BLUEFIN KYLE LLC, and BLUEFIN ROUND ROCK LLC have common ownership, perform the same business activities, have a common business purpose, and unified operations, qualifying all three entities jointly and severally as an enterprise as defined under the FLSA.

## COMMON FACTS

1. Defendants have employees subject to the provisions of 29 U.S.C. § 206 in the facilities where Plaintiff was employed.

2. At all times material, Defendants employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

3. Throughout Plaintiff's employment, the Restaurants were an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

4. Plaintiff was individually engaged in commerce and produced goods for commerce and her work was directly and vitally related to the functioning of Defendants' business activities.

5. Defendants BLUEFIN AUSTIN LLC, BLUEFIN KYLE LLC, and BLUEFIN ROUND ROCK LLC have common ownership, perform the same business activities, have a common business purpose, and unified operations, qualifying all three entities jointly and severally as an enterprise as defined under the FLSA.

6. Throughout Plaintiff's employment with Defendants, Defendants were the employer of Plaintiff and, as a matter of economic reality, Plaintiff was dependent upon Defendants for her employment.

7. Plaintiff, 1) worked doing various restaurant jobs including cleaning tables and restrooms and taking food/drinks to customers; 2) did not hold a position considered as exempt under the FLSA; 3) was paid a flat rate bi-monthly rate; and, 4) did not receive the appropriate overtime pay for all hours worked over 40 in a week.

8. Defendants either knew about or showed reckless disregard for the matter of whether their conduct was prohibited by the FLSA and failed to act diligently with regard to their obligations as employers under the FLSA.

9. Plaintiff is entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

## **VIOLATION OF THE OVERTIME PROVISIONS OF THE FAIR LABOR STANDARDS ACT**

10. Throughout the employment of Plaintiff, Defendants repeatedly and willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiff at a rate not less than one and one-half times her regular rate of pay for each hour worked in excess of 40 in a workweek.

11. Plaintiff was not paid overtime despite the fact that she did not hold a position that would be considered exempt under the FLSA. Plaintiff had zero decision-making authority, did not make recommendations on hiring and firing of employees, did not supervise anyone, did not run a department.

12. The work schedule for Plaintiff required her to work in excess of 40 hours in a workweek on a regular and recurring basis during numerous workweeks of her employment with Defendants.

13. Defendants either knew about or showed reckless disregard for the matter of whether their conduct was prohibited by the FLSA and failed to act diligently with regard to their obligations as employers under the FLSA.

14. Defendants failed to act reasonably to comply with the FLSA, and so Plaintiff is entitled to an award of liquidated damages in an equal amount as the amount of unpaid overtime pay pursuant to 29 U.S.C. § 216(b).

15. The acts described in the above paragraphs violate the Fair Labor Standards Act, which prohibits the denial of overtime compensation for hours worked in excess of 40 per workweek.

16. As a result of Defendants' unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime which was not paid that should have been paid.

WHEREFORE, Plaintiff, BRISEIDA ENRIQUEZ, demands Judgment against Defendants, jointly and severally, for the following:

a. Awarding Plaintiff compensatory damages, service awards, attorneys' fees and litigation expenses as provided by law;

b. Awarding Plaintiff pre-judgment, moratory interest as provided by law, should liquidated damages not be awarded;

c. Awarding Plaintiff liquidated damages and/or statutory penalties as provided by law;

d. Awarding Plaintiff such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff, BRISEIDA ENRIQUEZ, demands a jury trial on all issues so triable.

Respectfully submitted this September 13, 2024.

        **ROSS SCALISE BEELER AND PILLISCHER**
        1104 San Antonio Street
        Austin, Texas 78701
        (512) 474-7677 Telephone
        (512) 474-5306 Facsimile
        Charles@rosslawpc.com

        */s/ Charles L. Scalise*

        **CHARLES L. SCALISE**
        Texas Bar No. 24064621
        **ATTORNEYS FOR PLAINTIFF**